# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**TAMICA L. JACKSON,**

    **Plaintiff,**

**vs.**                                                   **Case No. 4:20cv407-MW-MAF**

**FLORIDA DEPARTMENT OF**
**HIGHWAY SAFETY,**

    **Defendant.**

**_____/**

## REPORT AND RECOMMENDATION

An Order was entered in September 2020, requiring the pro se Plaintiff to file a second amended complaint and a separate response to a prior Order, ECF No. 6, clarifying her prior criminal citation. ECF No. 10. Plaintiff's objection to that Order, ECF No. 11, was overruled. ECF No. 18. Thus, another Order was entered on January 8, 2021, directing Plaintiff to comply with the prior Orders entered in this case, ECF Nos. 6, 8, and 10, by **February 8, 2021**. ECF No. 19. Specifically, Plaintiff was required to "file a second amended complaint on the form provided to her" by the Clerk's Office, and to "clearly and succinctly" state the result of the criminal

traffic citation she received on November 28, 2018.  *See* ECF No. 5 at 6; *see also* ECF No. 6 at 3-4; ECF No. 19 at 3; ECF No. 19.  No response to that Order has been received, despite a very clear warning to Plaintiff that a recommendation would be made to dismiss this case if she did not comply by the deadline provided.  It appears that Plaintiff has abandoned this litigation as nothing further has been filed.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

Case No. 4:20cv407-MW-MAF

## Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 16, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv407-MW-MAF